UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| In re:<br><br>**PR Bingham LLC**<br><br>Debtor | Case No: 24-02164-JJG-11 |

## DEBTOR'S MOTION TO <u>DISMISS</u>

PR Bingham, LLC (the "**Debtor**"), debtor in possession, by counsel, pursuant to 11 U.S.C. §§ 105(a), 349, and 1112; Fed.R.Bankr.P. 1017(f)(1) & 9014; and by this motion seeks an order authorizing dismissal of this case (this "**Motion**"). In support, the Debtor states the following:

1. This proceeding was commenced on April 18, 2025 (the "**Petition Date**"), with the filing of a petition for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code.

2. Debtor filed its *Motion for Joint Administration* [Doc. No. 3] and the same was granted by *Order Granting Motion for Joint Administration* [Doc. No. 26] authorizing Debtor's case to be jointly administered with PR Madison, LLC ("**Madison**")(Madison and Debtor collectively referred to as the "**Debtors**"), Case No. 25-02165-JJG-11 as the Debtors are co-obligors to several creditors and have common ownership with their respective properties.

3. The Debtors' only assets were sold pursuant to the *Debtor's Second Amended Motion Pursuant to 11 U.S.C. §363 to Sell Real Property to Stalking Horse Bidders with Alternative Bids to be Considered and to Approve Bid Procedures* [Doc. No. 32] and granted by the *Order Authorizing Sale of Debtor's Property Pursuant to 11 U.S.C. §363* [Doc. No. 88].

4. The closing for the sale of Debtor's Assets was held on November 26, 2025.

5. The Debtor seeks authority by this Motion to dismiss this case pursuant to §1112(b) (the "**Dismissal**").

6. As part of the Dismissal and pursuant to §349(b)(3), the Debtor requests all orders entered in this case be preserved (the "**Order Preservation**").

7. Dismissal of a case under Chapter 11 is governed exclusively by §1112(b), which allows for dismissal for cause, if it is in the best interests of creditors and the estate. Section 1112(b). An inquiry under §1112(b) must start with whether cause exists to dismiss a Chapter 11 case. *In re Western Pacific Airlines, Inc.*, 218 B.R. 590, 595 (Bankr. D. Colo. 1998). If cause is found, then the Court must decide whether it is still in the creditors' and estate's best interest to convert (or dismiss). *In re T.S.P. Industries, Inc.*, 117 B.R. 375, 376 (Bankr. N.D. Ill. 1990). Section §1112(b)(1), in pertinent part, states:

> . . . on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

§1112(b).

8. Dismissal under §1112(b) is in the bankruptcy court's discretion. *In re Jartran, Inc.*, 71 B.R. 938, 943 (Bankr.N.D.Ill. 1987), *aff'd* 886 F.2d 859 (7th Cir. 1989). The precise parameters of "cause" to dismiss were intentionally omitted from §1112(b) to afford maximum flexibility and to enable the court to dismiss a Chapter 11 case for any reason cognizable to the court's equity power and the conscience of the court as constituting an abuse of the reorganization process. *In re HBA East, Inc.*, 87 B.R. 248, 258 (Bankr. E.D. N.Y. 1988).

9. The burden of proving sufficient cause for dismissal under §1112 lies with the moving party. *In re Berryhill*, 127 B.R. 427, 430 (Bank. N.D. Ind. 1991); *In re Markhon Industries, Inc.*, 100 B.R. 432, 434 (Bank. N.D. Ind. 1989). If the motion to dismiss the Chapter 11 case for cause is

2

opposed, the movant bears the burden of proving by a preponderance of evidence that cause exists for dismissal. *In re Woodbrook Associates*, 19 F.3d 312, 317 (7th Cir. 1994).

10. The inquiry under §1112 is case-specific, focusing on the circumstances of each debtor. *Berryhill*, 127 B.R. at 430. Although the statute provides ten illustrative examples of various causes which may warrant conversion or dismissal, the list is not exhaustive. *Id*. Consequently, a movant may carry its burden of proof "by demonstrating the existence of any one of the ... statutory grounds ... that are enumerated in Section 1112(b) of the Bankruptcy Code, or by showing other cause." *Id*.

11. Even if "cause" is shown, dismissal is not appropriate unless it is in the best interests of the estate and the creditors. See §1112(b); *T.S.P.*, 117 B.R. at 376; *Western,* 218 B.R. at 595. To decide whether dismissal would be in the best interest of the creditors, the ramifications of the same need to be explored. *T.S.P.*, 117 B.R. at 376.

12. Cause exists to dismiss this case because the Debtor has no operations and has sold all its assets and distributed proceeds thereof.; accordingly, there is nothing left to administer for the benefit of any party.

13. The Court has the authority to grant the Order Preservation "for cause" pursuant to §349(b), which states:

> [u]nless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—
>
> . . .
>
> (2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and
>
> (3) reverts the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

14. "'Cause under § 349(b) means an acceptable reason.'" *Wise v. Community Bank of Cent. Wis.,* 552 F.3d 584, 589 (7th Cir. 2009) (*citing In re Sadler, 935 F.2d 918, 920-921 (7th Cir. 1991)).*

15.  The Debtor also respectfully requests that order preservation be allowed, as opposed to no order being preserved, which is what §349(b) requires unless this Court orders otherwise.  Cause exists to allow order preservation for all extant bankruptcy Court orders including the order approving this Motion because parties in interest have been and continue to rely on them, including but not limited to the sale orders entered in this case.

**REQUEST FOR RELIEF**

The Debtor requests the entry of the authorizing dismissal, order preservation, and  distribution to administrative claimants and granting all other just and proper relief.

Respectfully submitted,

ALLMAN KIGHT HESTER, LLC


*/s/ Jeffrey M. Hester*
Jeffrey M. Hester
Lacy Building
54 Monument Circle, Suite 501
Indianapolis, IN 46204
jhester@akhlaw.com
317.608.1129 direct / fax

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that on February 11, 2026, a copy of the foregoing document was filed electronically. Notice of this filing will be sent through the Court's Electronic Case Filing System on the date they were entered on the following persons:

- U.S. Trustee      ustpregion10.in.ecf@usdoj.gov
- Laura A. DuVall.  laura.duvall@usdoj.gov
- Kyle A. Halbleif. kyle.halbleib@atg.in.gov
- Heather M. Crockett. heather.crockett@atg.in.gov
- Jason T. Mizzell  jmizzell@kgrlaw.com
- Scott A. Kainrath  scott@kainrathlaw.com

*/s/ Jeffrey M. Hester*
Jeffrey M. Hester